# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

## CLERK'S CERTIFICATE AND APPEALS COVER SHEET

## ABBREVIATED ELECTRONIC RECORD

Case Caption: Goldberg v. Uber Technologies, Inc. et al

District Court Number: 14cv14264-RGS

Fee: Paid? Yes X No ____ Government filer ____ *In Forma Pauperis* Yes ____ No ____

Motions Pending Yes ____ No X
*If yes, document #* ________

Sealed documents Yes ____ No X
*If yes, document #* ________

*Ex parte* documents Yes ____ No X
*If yes, document #* ________

Transcripts Yes ____ No X
*If yes, document #* ________

Notice of Appeal filed by: Plaintiff/Petitioner X Defendant/Respondent ____ Other: ____

Appeal from:

#42 Memorandum and Order, #43 Judgment

Other information:

I, Robert M. Farrell, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed electronic documents:

#42, #43, and #44

with the electronic docket sheet, constitute the abbreviated record on appeal in the above entitled case for the Notice of Appeal # 44 filed on May 6, 2015.

In testimony whereof, I hereunto set my hand and affix the seal of this Court on May 7, 2015.

**ROBERT M. FARRELL**
Clerk of Court

/s/Matthew A. Paine
Deputy Clerk

COURT OF APPEALS DOCKET NUMBER ASSIGNED: ____________________

**PLEASE RETURN TO THE USDC CLERK'S OFFICE**

APPEAL

# United States District Court
# District of Massachusetts (Boston)
# CIVIL DOCKET FOR CASE #: 1:14−cv−14264−RGS

Goldberg v. Uber Technologies, Inc. et al
Assigned to: Judge Richard G. Stearns
Demand: $75,000
Case in other court: Suffolk Superior, SUCV2014−3388−G
Cause: 28:1441 Petition for Removal − Fair Credit Reporti

Date Filed: 12/01/2014
Date Terminated: 04/07/2015
Jury Demand: Both
Nature of Suit: 480 Consumer Credit
Jurisdiction: Federal Question

**Plaintiff**

**Mark Goldberg**
*on behalf of himself and others similarly situated*

represented by **Michael T. Marshall**
The Marshall Law Firm
40 Jamaicaway
Suite 7
Boston, MA 02130
617−903−7483
Email: michael@mlboston.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philip J. Gordon**
Gordon Law Group
585 Boylston Street
Boston, MA 02116
617−536−1800
Fax: 617−536−1802
Email: pgordon@gordonllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Uber Technologies, Inc.**

represented by **Carie A. Torrence**
Littler Mendelson P.C.
One International Place
Suite 2700
Boston, MA 02110
617−378−6035
Email: ctorrence@littler.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rod Fliegel**
Littler Mendelson P.C.
650 California Street
20th Floor

        San Francisco, CA 94108
415−439−6253
Email: rfliegel@littler.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William J. Simmons**
Littler Medelson, P.C.
1601 Cherry Street
Site 1400
Philadelphia, PA 19102
202−402−3047
Email: wsimmons@littler.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rasier LLC** represented by **Carie A. Torrence**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rod Fliegel**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William J. Simmons**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Hirease, LLC** represented by **Barry J. Miller**
Seyfarth Shaw, LLP
World Trade Center East
Two Seaport Lane
Suite 300
Boston, MA 02210
617−946−4800
Fax: 617−946−4801
Email: bmiller@seyfarth.com
*ATTORNEY TO BE NOTICED*

**Frank S. Puccio**
Burns & Farrey
150 Federal Street, 11th Floor

        Boston, MA 02110
617−439−4758
Fax: 617−439−4148
Email: puccio@burnsandfarrey.com
*TERMINATED: 03/25/2015*

**Lauren S. Wachsman**
Seyfarth Shaw
World Trade Center East, Suite 300
Two Seaport Lane
Boston, MA 02210
617−946−4800
Email: lwachsman@seyfarth.com
*ATTORNEY TO BE NOTICED*

**Thomas B. Farrey , III**
Burns & Farrey
Sovereign Bank Building − 22nd Floor
446 Main Street
Worcester, MA 01608
(508) 756−6288
Fax: 508−831−9769
Email: farrey@burnsandfarrey.com
*TERMINATED: 03/25/2015*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 12/01/2014 | 1 | | NOTICE OF REMOVAL by Rasier LLC, Uber Technologies, Inc. ( Filing fee: $ 400, receipt number 0101−5301522 Fee Status: Filing Fee paid) (Attachments: # 1 Exhibit A1, # 2 Exhibit A2, # 3 Exhibit A3, # 4 Exhibit A4, # 5 Exhibit B − state court notice, # 6 Civil Cover Sheet, # 7 Category Form, # 8 Category Form Attachment)(Torrence, Carie) (Attachment 6 replaced on 12/2/2014) (Paine, Matthew). (Attachment 7 replaced on 12/2/2014) (Paine, Matthew). (Entered: 12/01/2014) |
| 12/01/2014 | 2 | | CORPORATE DISCLOSURE STATEMENT by Rasier LLC, Uber Technologies, Inc. identifying Corporate Parent Uber Technologies, Inc. for Rasier LLC.. (Torrence, Carie) (Entered: 12/01/2014) |
| 12/02/2014 | 3 | | ELECTRONIC NOTICE of Case Assignment. Judge Nathaniel M. Gorton assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Jennifer C. Boal. (Abaid, Kimberly) (Entered: 12/02/2014) |
| 12/02/2014 | 4 | | Certified Copy of Notice of Removal Provided to Defense Counsel by mail (Paine, Matthew) (Entered: 12/02/2014) |
| 12/02/2014 | 5 | | NOTICE of Appearance by Thomas B. Farrey, III on behalf of Hirease, LLC (Farrey, Thomas) (Entered: 12/02/2014) |
| 12/08/2014 | 6 | | Assented to MOTION for Extension of Time to January 9, 2015 to File Answer by Rasier LLC, Uber Technologies, Inc..(Torrence, Carie) (Entered: 12/08/2014) |

| | | | |
|---|---|---|---|
| 12/09/2014 | 7 | | Judge Nathaniel M. Gorton: ELECTRONIC ORDER entered granting 6 Motion for Extension of Time to Answer Rasier LLC answer due 1/9/2015; Uber Technologies, Inc. answer due 1/9/2015. (Patch, Christine) (Entered: 12/09/2014) |
| 12/10/2014 | 8 | | MOTION for Extension of Time to 1/9/15 to to File Responsive Pleadings *(Partially Assented to)* by Hirease, LLC.(Farrey, Thomas) (Entered: 12/10/2014) |
| 12/11/2014 | 9 | | Judge Nathaniel M. Gorton: ELECTRONIC ORDER entered granting 8 Motion for Extension of Time to File Responsive Pleadings (Patch, Christine) (Entered: 12/11/2014) |
| 01/06/2015 | 10 | | Assented to MOTION for Extension of Time to January 16, 2015 to File Answer by Rasier LLC, Uber Technologies, Inc..(Torrence, Carie) (Entered: 01/06/2015) |
| 01/06/2015 | 11 | | STATE COURT Record. (Torrence, Carie) (Entered: 01/06/2015) |
| 01/07/2015 | 12 | | Second MOTION for Extension of Time to 1/16/15 to File Responsive Pleadings *(Assented To)* by Hirease, LLC.(Farrey, Thomas) (Entered: 01/07/2015) |
| 01/07/2015 | 13 | | Judge Nathaniel M. Gorton: ELECTRONIC ORDER entered granting 12 Motion for Extension of Time (Patch, Christine) (Entered: 01/07/2015) |
| 01/07/2015 | 14 | | Judge Nathaniel M. Gorton: ELECTRONIC ORDER entered granting 10 Motion for Extension of Time to Answer (Patch, Christine) (Entered: 01/07/2015) |
| 01/16/2015 | 15 | | ANSWER to Complaint by Rasier LLC, Uber Technologies, Inc..(Torrence, Carie) (Entered: 01/16/2015) |
| 01/16/2015 | 16 | | ANSWER to Complaint with Jury Demand by Hirease, LLC.(Farrey, Thomas) (Main Document 16 replaced on 1/20/2015) (Moore, Kellyann). (Entered: 01/16/2015) |
| 01/21/2015 | 17 | | *Amended* ANSWER to Complaint with Jury Demand by Hirease, LLC.(Farrey, Thomas) (Main Document 17 replaced on 1/22/2015) (Moore, Kellyann). (Entered: 01/21/2015) |
| 02/12/2015 | 18 | | NOTICE of Scheduling Conference Scheduling Conference set for 3/24/2015 03:15 PM in Courtroom 4 before Judge Nathaniel M. Gorton. (Patch, Christine) (Entered: 02/12/2015) |
| 02/18/2015 | 19 | | Assented to MOTION for Leave to Appear Pro Hac Vice for admission of Rod M. Fliegel and William J. Simmons Filing fee: $ 200, receipt number 0101−5412391 by Rasier LLC, Uber Technologies, Inc.. (Attachments: # 1 Affidavit of Rod M. Fliegel, # 2 Affidavit of William J. Simmons)(Torrence, Carie) (Entered: 02/18/2015) |
| 02/19/2015 | 20 | | Judge Nathaniel M. Gorton: ELECTRONIC ORDER entered granting 19 Motion for Leave to Appear Pro Hac Vice Added Rod M. Fliegel and William J. Simmons. **Attorneys admitted Pro Hac Vice must register for electronic filing if the attorney does not already have an ECF account in this district. To register go to the Court website at www.mad.uscourts.gov. Select Case** |

| | | | |
|---|---|---|---|
| | | | **Information, then Electronic Filing (CM/ECF) and go to the CM/ECF Registration Form.** (Danieli, Chris) (Entered: 02/19/2015) |
| 02/19/2015 | 21 | | NOTICE of Appearance by Barry J. Miller on behalf of Hirease, LLC (Miller, Barry) (Entered: 02/19/2015) |
| 02/19/2015 | 22 | | NOTICE of Appearance by Lauren S. Wachsman on behalf of Hirease, LLC (Wachsman, Lauren) (Entered: 02/19/2015) |
| 02/25/2015 | 23 | | Judge Nathaniel M. Gorton: ORDER entered. ORDER OF RECUSAL.(Patch, Christine) (Entered: 02/25/2015) |
| 02/25/2015 | 24 | | ELECTRONIC NOTICE of Reassignment. Judge Richard G. Stearns added. Judge Nathaniel M. Gorton no longer assigned to case. (Abaid, Kimberly) (Entered: 02/25/2015) |
| 02/25/2015 | 25 | | Judge Richard G. Stearns: ELECTRONIC ORDER entered. The parties are ORDERED TO FILE, on or before 3/9/15, a JOINT STATEMENT containing a proposed pretrial schedule re 24 Notice of Reassignment. (Seelye, Terri) (Entered: 02/25/2015) |
| 02/25/2015 | 26 | | NOTICE of Standing Orders regarding Electronic Filing and Related Cases. (Seelye, Terri) (Entered: 02/25/2015) |
| 02/26/2015 | 27 | | NOTICE of Appearance by Frank S. Puccio on behalf of Hirease, LLC (Puccio, Frank) (Entered: 02/26/2015) |
| 03/06/2015 | 28 | | MOTION for Judgment on the Pleadings *Regarding Plaintiff's Amended Complaint and Motion to Stay Discovery* by Rasier LLC, Uber Technologies, Inc..(Torrence, Carie) (Entered: 03/06/2015) |
| 03/06/2015 | 29 | | MEMORANDUM in Support re 28 MOTION for Judgment on the Pleadings *Regarding Plaintiff's Amended Complaint and Motion to Stay Discovery* filed by Rasier LLC, Uber Technologies, Inc.. (Attachments: # 1 Exhibit A − U.S. v. Goldberg Docket, # 2 Exhibit B − Pamphlet, # 3 Exhibit C − Massachusetts Acts and Laws)(Torrence, Carie) (Entered: 03/06/2015) |
| 03/09/2015 | 30 | | JOINT STATEMENT re scheduling conference . (Miller, Barry) (Entered: 03/09/2015) |
| 03/09/2015 | 31 | | CERTIFICATION pursuant to Local Rule 16.1 *of Defendant Hirease LLC.* (Miller, Barry) (Entered: 03/09/2015) |
| 03/11/2015 | 32 | | Judge Richard G. Stearns: ELECTRONIC ORDER entered re 30 JOINT STATEMENT: Initial Disclosures due later of 30 days after ruling on Motion for Judgment on the Pleadings or by 5/1/15; Motion to Certify Class due on or before 9/1/15; Fact Discovery to be completed by 12/15/2015; Court sees no need for expert discovery in this matter; Summary Judgment Motions due on or before 1/15/2016 with Opposition due within 21 days of filing of summary judgment motion; Reply, if any, by leave of court.(Seelye, Terri) (Entered: 03/11/2015) |
| 03/11/2015 | 33 | | ELECTRONIC NOTICE Canceling the Scheduling Conference, in light of the case being reassigned to Judge Stearns, set for 3/24/2015 03:15 PM in Courtroom 4 before Judge Nathaniel M. Gorton. There will be no Scheduling Conference rescheduled, the deadlines have been set. (Seelye, Terri) (Entered: |

| | | | |
|---|---|---|---|
| | | | 03/11/2015) |
| 03/20/2015 | 34 | | Opposition re 28 MOTION for Judgment on the Pleadings *Regarding Plaintiff's Amended Complaint and Motion to Stay Discovery* filed by Mark Goldberg. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Gordon, Philip) (Entered: 03/20/2015) |
| 03/25/2015 | 35 | | MOTION to Withdraw as Attorney by Hirease, LLC.(Puccio, Frank) (Entered: 03/25/2015) |
| 03/25/2015 | 36 | | MOTION to Withdraw as Attorney by Hirease, LLC.(Farrey, Thomas) (Entered: 03/25/2015) |
| 03/25/2015 | 37 | | Judge Richard G. Stearns: ELECTRONIC ORDER entered granting 35 Motion to Withdraw as Attorney. Attorney Thomas B. Farrey, III and Frank S. Puccio terminated; granting 36 Motion to Withdraw as Attorney. Attorney Thomas B. Farrey, III and Frank S. Puccio terminated (RGS, int2) (Entered: 03/25/2015) |
| 03/31/2015 | 38 | | MOTION for Leave to File *Reply in Further Support of Motion for Judgment on the Pleadings Regarding Plaintiff's Amended Complaint and Motion to Stay* by Rasier LLC, Uber Technologies, Inc.. (Attachments: # 1 Proposed Reply)(Torrence, Carie) (Entered: 03/31/2015) |
| 03/31/2015 | 39 | | Judge Richard G. Stearns: ELECTRONIC ORDER entered granting 38 Motion for Leave to File Document ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include − Leave to file granted on (date of order)− in the caption of the document. (RGS, int2) (Entered: 03/31/2015) |
| 03/31/2015 | 40 | | REPLY to Response to 28 MOTION for Judgment on the Pleadings *Regarding Plaintiff's Amended Complaint and Motion to Stay Discovery* filed by Rasier LLC, Uber Technologies, Inc.. (Torrence, Carie) (Entered: 03/31/2015) |
| 04/06/2015 | 41 | | CERTIFICATION pursuant to Local Rule 16.1 . (Torrence, Carie) (Entered: 04/06/2015) |
| 04/06/2015 | 42 | 8 | Judge Richard G. Stearns: ORDER entered granting 28 Motion for Judgment on the Pleadings. "For the foregoing reasons, Uber and Rasier's motion for judgment on the pleadings is ALLOWED. The Clerk is directed to enter judgment for the defendants and close this case." (RGS, int2) (Entered: 04/06/2015) |
| 04/07/2015 | 43 | 17 | Judge Richard G. Stearns: JUDGMENT for Defendant, ENTERED. (Flaherty, Elaine) (Entered: 04/07/2015) |
| 05/06/2015 | 44 | 18 | NOTICE OF APPEAL re 42 ORDER, 43 JUDGMENT by Mark Goldberg Filing fee: $ 505, receipt number 0101−5545282 Fee Status: Not Exempt. NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals. **Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf. US District Court Clerk to deliver official record to Court of Appeals by** |

| | | | |
|---|---|---|---|
| | | | **5/26/2015. (Gordon, Philip) (Modified on 5/7/2015 to Correct Document Link) (Paine, Matthew). (Entered: 05/06/2015)** |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-14264-RGS

MARK GOLDBERG,
on behalf of himself and others similarly situated

v.

UBER TECHNOLOGIES, INC.; RASIER, LLC; & HIREASE, LLC

MEMORANDUM AND ORDER
ON UBER TECHNOLOGIES, INC.AND RASIER LLC'S MOTION
FOR JUDGMENT ON THE PLEADINGS

April 6, 2015

STEARNS, D.J.

In July of 2014, Mark Goldberg applied, through defendant Rasier, LLC, to be a driver for defendant Uber Technology, Inc.[1] The first step of the online application process required Goldberg to "[c]omplete the FREE online background check." Am. Compl. ¶ 18. Goldberg encountered a text box entitled "Background Check Terms" with the first three lines visible. The lines read:

> Rasier, LLC, the entity that contracts with drivers who provide peer-to-peer transportation requested through the Uber app, is committed to safety. As part of that commitment, Raiser uses a third-party vendor to conduct criminal background check,

[1] Uber operates a mobile-app crowd-sourced private transportation network.

> motor vehicle record check, and other checks. Please review the below disclosure/authorization and release.

Opp'n at 6. Goldberg electronically accepted the Background Check Terms and completed the application.

On July 29, 2014, Rasier emailed Goldberg two background reports compiled by defendant Hirease, LLC. On August 4, 2014, Rasier emailed a third report to Goldberg. The third report included a Fair Credit Reporting Act (FCRA) "Summary of Rights." The cover email stated: "[t]his consumer report was used only for purposes of determining your eligibility as an independent contractor," and that "[c]urrently, a decision is pending regarding your proposal. The contents of the enclosed report are under review and are being considered with regard to your proposal." Am. Compl. ¶¶ 28-29. The August 4 report disclosed that Goldberg faced a pending federal indictment for "conspiracy to manufacture, possess with intent to distribute and to distribute marijuana." *Id.* Ex. C at 2. Goldberg emailed Uber the following day (August 5, 2014), explaining that he had never been convicted of any crimes. Uber responded that it "will certainly take the information [Goldberg] provided into consideration." *Id.* ¶ 35.

On August 12, 2014, Rasier notified Goldberg that his application had been rejected, "in part [because] of information obtained through the Consumer Reporting Agency identified below." *Id.* ¶ 36. Goldberg

immediately asked Uber to reconsider and received two responses, one of which stated: "Uber does not employ drivers or own any vehicles. Our background checks are meant to ensure that we are connecting riders with the safest rides on the road. If at any time your circumstances change and you would like us to re-run your background check, please let us know." *Id.* ¶ 42.

Goldberg filed this putative class action in Suffolk Superior Court on October 30, 2014. His Amended Complaint alleges willful or negligent violation of § 1681b(b)(3)(A) of the FCRA (Count I), violation of the Massachusetts Consumer Credit Reporting Act (MCCRA), Mass. Gen. Laws ch. 93, §§ 50 *et seq*. (Count II), and violations of the Massachusetts Criminal Offender Record Information (CORI) law, Mass. Gen. Laws ch. 6, §§ 167-178B (Count III). Uber and Raiser removed the case to the federal district court on federal question grounds, and on March 6, 2015, moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

DISCUSSION

The standard for a motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.

> "Because [a Rule 12(c)] motion calls for an assessment of the merits of the case at an embryonic stage, the court must view

> the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom . . . ." *R.G. Fin. Corp. v. Vergara-Nunez*, 446 F.3d 178, 182 (1st Cir.2006). Under *Bell Atlantic v. Twombly*, 550 U.S. 544, [555] (2007), to survive a Rule 12(b)(6) motion (and, by extension, a Rule 12(c) motion) a complaint must contain factual allegations that "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true . . . ."

*Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008).

*Count I – FCRA*

Defendants first contend that Goldberg lacks Article III standing to bring a FCRA negligence claim because he has no actual damages. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 53 (2007) ("If a violation is negligent, the affected consumer is entitled to actual damages."). Although Goldberg claims the loss of the opportunity to become a driver for Uber, compliance with the FCRA does not guarantee a right to employment, particularly where the information given to Uber (and on which it relied) was accurate. While Goldberg provided Uber with information that he believed to be mitigating (because it was more complete), nothing in the FCRA required Uber to change its hiring policies as a result.

As a fallback, Goldberg argues that he need not plead actual harm to establish a claim of a willful violation of the FCRA. *Id.* Willfulness connotes reckless disregard, and its test combines an objective component

of reasonableness, and a subjective component of intent. The Supreme Court has offered the following by way of explication of the test:

> a company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

*Id.* at 69. Goldberg conjures up the suggestion that defendants willfully violated the FCRA by (1) failing to make a "clear and conspicuous disclosure . . . in a document that consist solely of the disclosure" in obtaining his authorization of a background check (quoting FCRA § 1681b(b)(2)(A)); and (2) failing to inform him of their intent to act adversely on his application *before* acting adversely on his application. An explanation of these tortured arguments is required.

Goldberg first argues that the request for an authorization to conduct a background check was not "clear and conspicuous" because the text box on the screen had to be scrolled to be seen in full. Moreover, the text did not limit itself "solely" to the disclosure because the preamble iterated Uber's commitment to passenger safety. Goldberg, however, concedes in his pleadings that the document was (conspicuously) entitled "Background Check Terms," and that the visible (three) lines of text informed the reader of the full scope of the background checks that would be conducted,

including a criminal background check. *See* Opp'n at 6. That is all that section 1681b(b)(2)(A) requires, and the inclusion of a few sensible words explaining the reason for the background check could hardly qualify as an "objectively unreasonable" act.

Goldberg's second theory that the FCRA requires advance notice of the intent to take an adverse action is based on section 1681b(b)(3)(A) of the FCRA, which provides:

> Except as provided in subparagraph (B), in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates —
>
> (i) a copy of the report; and
>
> (ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under section 1681g(c)(3) of this title.

As the language of the statute makes clear,

> [t]he FCRA only requires an employer to provide a copy of the consumer report and a written description of the person's rights under the statute prior to any adverse action. . . . It does not require employers prior to taking any adverse action to advise applicants that the employer might take adverse employment action based on the consumer report . . . .

*Reinke v. Cargill, Inc.*, 2011 WL 2471739, at *4 (E.D. Wis. June 21, 2011).

*Count II – MCCRA*

The allegations of violations of the MCRAA stumble out of the gate on Goldberg's recognition that the FCRA expressly preempts the relevant state law. *See* FCRA § 1681t(b)(1)(C) (preempting "any subject matter regulated under – . . . subsections (a) and (b) of section 1681m of this title, relating to the duties of a person who takes any adverse action with respect to a consumer"). In a feat of contortion, Goldberg argues that a "consumer report" as defined by the FCRA differs from an "investigative consumer report" as defined under the MCCRA, thereby defeating federal preemption.

The MCCRA defines an "investigative consumer report" as

> a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information.

Mass. Gen. Laws Ann. ch. 93, § 50. Goldberg speculates that the reports compiled by Hirease for Uber and Rasier might actually be "investigative consumer reports" and not the more industry friendly "consumer reports" that figure in the FCRA. Mere speculation, however, does not survive the motion to dismiss standard. As the Supreme Court has emphasized, factual

allegations must "possess enough heft" "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 557. The Amended Complaint contains no factual allegations to support a plausible inference that Hirease obtained information about Goldberg through "personal interviews with neighbors, friends, or associates."

*Count III – Massachusetts CORI law*

The Amended Complaint faults defendants for failing to comply with the notice provisions of the CORI law. *See* Mass. Gen. Laws ch. 6, § 171A. The CORI law defines "criminal offense record information" as

> records and data in any communicable form compiled by a *Massachusetts* criminal justice agency which concern an identifiable individual and relate to the nature or disposition of a criminal charge, an arrest, a pre-trial proceeding, other judicial proceedings, sentencing, incarceration, rehabilitation, or release. Such information shall be restricted to that recorded as the result of the initiation of criminal proceedings or any consequent proceedings related thereto.

Mass. Gen. Laws ch. 6, § 167 (emphasis added). Goldberg does not allege that he has a Massachusetts criminal record, and therefore there are no circumstances in which the CORI law would apply to his case. Moreover, failure to comply with the CORI law's notice requirements does not provide Goldberg with a private right of action. Mass. Gen. Laws ch. 6, § 171A ("Failure to provide such criminal history information to an applicant pursuant to this section may subject the offending person to investigation,

hearing and sanctions by the board. Nothing in this section shall be construed to prohibit a person from making an adverse decision on the basis of an individual's criminal history or to provide or permit a claim of an unlawful practice under chapter 151B or an independent cause of action in a court of civil jurisdiction for a claim arising out of an adverse decision based on criminal history except as otherwise provided under chapter 151B.").[2]

ORDER

For the foregoing reasons, Uber and Rasier's motion for judgment on the pleadings is ALLOWED. The Clerk is directed to enter judgment for the defendants and close this case.

SO ORDERED.

/s/ Richard G. Stearns
___________________________
UNITED STATES DISTRICT JUDGE

[2] Nor, as is the case with the FCRA, would a failure to strictly observe the CORI law's notice provisions require a company to change its hiring policies, particularly in circumstances where public safety is at issue.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

GOLDBERG
Plaintiff

V.

CIVIL ACTION

NO. 14cv14264-RGS

UBER TECHNOLOGIES, INC.
Defendant

JUDGMENT

STEARNS, D.J.,

In accordance with the Court's Memorandum and Order dated 4/6/15 ____ granting defendant's motion for judgment on the pleadings, it is hereby ORDERED that judgment is entered for defendants.

By the Court,

4/7/15 — Date

/s/ Elaine Flaherty — Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARK GOLDBERG, on behalf of himself and others similarly situated,

PLAINTIFF

v.

UBER TECHNOLOGIES, INC., RASIER LLC, & HIREASE, LLC,

DEFENDANTS.

**Notice of Appeal**

Civil Action No.: 1:14-cv-14264

**PLAINTIFF'S NOTICE OF APPEAL**

Notice is hereby given, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, that Mark Goldberg, Plaintiff in the above-referenced case, hereby appeals to the United States Court of Appeals for the First Circuit from the Memorandum and Order of April 6, 2015 (docket no. 42) and the Judgment entered on April 7, 2015 (docket no. 43).

Respectfully submitted,

/s/ Philip J. Gordon

Philip J. Gordon (BBO #630989)
Kristen M. Hurley (BBO #658237)
GORDON LAW GROUP, LLP
585 Boylston Street
Boston, MA 02116
617-536-1800
pgordon@gordonllp.com

Dated: May 6, 2015

**Certificate of Service**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, on May 6, 2015.

/s/ Philip J. Gordon
Philip J. Gordon